## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

CLARE U. ANAGONYE,          )
                           )
       **Plaintiff,**        )
                           )
v.                           )      **Case No. 2:21-cv-11174-AJT-DRG**
                           )
TRANSFORM AUTOMOTIVE, LLC,    )
                           )
     **and**           )
                           )
JILL YOUNG,           )
                           )
      **Defendants.**     )
                           )

## DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S "RESPONSE MOTION REQUEST TO MISJOINDER AND NOT DISMISS CASE" (Doc. 21) AND "DEMAND FOR JURY TRIAL" (Doc. 22)

Defendants Transform Automotive, LLC ("Transform") and Jill Young ("Young"), by and through her undersigned counsel, Fox Rothschild, LLP, and for their Motion to Strike Plaintiff's "Response Motion Request to Misjoinder and not Dismiss Case" (Doc. 21) and "Demand for Jury Trial" (Doc. 22) state as follows:

1.     On February 28, 2022, Plaintiff prepared documents titled "Response Motion Request to Misjoinder and not Dismiss Case," which Defendants presume operates as a response to Defendant Young's Motion to Dismiss, and "Demand for Jury Trial," which is in response to nothing.  (*See* Docs. 21 & 22.)

2.     On March 2, 2022, Defendants received Plaintiff's pleadings, which were delivered by regular mail.

3.     Motions to Strike must be filed "before responding to a pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f)(2).

1

4. Out of an abundance of caution and to comply with Rule 12(f), Defendants file this Motion contemporaneously with Defendant Young's Reply in Support of her Motion to Dismiss.

5. Rule 12(f) allows the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

6. The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues." *Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).

7. Striking redundant material improves efficiency and expedites the case. *Sanchez v. Burlington Coat Factory Warehouse Corp.*, No. 11-12241, 2012 WL 1205856, at *1 (E.D. Mich. Apr. 11, 2012).

8. District courts have wide discretion to strike pleadings which are redundant, immaterial, impertinent or scandalous. *L & L Gold Assocs., Inc. v. Am. Cash for Gold, LLC*, No. 09-10801, 2009 WL 1658108, at *1 (E.D. Mich. June 10, 2009).

9. Motions to strike should be granted when "the material to be stricken has no possible relation to the controversy." *Prentice v. Residential Funding LLC*, No. 12-12993, 2013 WL 1663868, at *2 (E.D. Mich. Apr. 17, 2013).

10. With respect to Plaintiff's "Response Motion Request to Misjoinder and not Dismiss Case," the controversy is whether the Court should grant Defendant Young's Motion to Dismiss. In that pleading, Plaintiff agrees with the relief sought by Defendant Young, although misunderstanding the procedural scope of Defendant Young's Motion. Despite there being no true controversy, Plaintiff's response contains nine pages of redundant, immaterial, impertinent and scandalous allegations that were not related in any way to Defendant Young's Motion to Dismiss.

11. Importantly, because Plaintiff agrees with the relief sought by Defendant Young,

striking the redundant, immaterial, impertinent and scandalous allegations of her responsive pleading will not materially impact the outcome of that Motion.  Instead, it will promote efficiency by preventing Defendants from having to respond in detail to spurious allegations, which appear for the first time in Plaintiff's pleading and do not relate to Defendant Young's Motion to Dismiss.

12.     Thus, the Court should strike Plaintiff's "Response Motion Request to Misjoinder and not Dismiss Case" in its entirety.

13.     With respect to Plaintiff's "Demand for Jury Trial," Plaintiff already demanded a jury trial (by checking the box "yes" to Jury Trial in the caption of her Complaint) in her Complaint. (*See* Doc. 1.)  Plaintiff's "Demand for Jury Trial" is similarly not related to any current controversy because there is no objection to Plaintiff's first request for jury trial; nor can there be pursuant to Rule 38.  Instead, Plaintiff's "Demand for Jury Trial" consists of five pages of redundant, immaterial, impertinent and scandalous allegations that are not related to any current controversy.

14.     Thus, the Court should strike Plaintiff's "Demand for Jury Trial" in its entirety.

15.     Defendants also note the untenable position Plaintiff's pleadings puts them in, as Defendants must either continue to seek relief from the Court in the form of motions to strike or endure the unnecessary expense of responding to Plaintiff's vexatious pleadings.

16.     Thus, Defendants request the Court instruct Plaintiff to refrain from filing similar vexatious pleadings in the future.  Alternatively, Defendants request the Court instruct Plaintiff regarding its inherent powers, including the power to apply a monetary sanction if Plaintiff's vexatious conduct continues. *In re Smothers*, 322 F.3d 438, 442 (6th Cir. 2003) (citing *Chambers v. NASCO*, 501 U.S. 32, 43 (1991) and *Hadix v. Johnson*, 144 F.3d 925, 937 (6th Cir. 1998))" *Harper v. Comm'r of Soc. Sec.*, No. 16-11428, at *4 (E.D. Mich. Oct. 12, 2016).

WHEREFORE, Defendants respectfully request this Court grant their Motion to Strike, instruct Plaintiff to cease her vexatious conduct, and for any other relief this Court deems just and appropriate.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

/s/ *Michael J. Rudd*
Nicole H. Howell      (MO Bar #56815)
Michael J. Rudd      (MO Bar #71591)
4900 Main Street, Suite 150
Kansas City, MO 64112
Telephone: (816) 919-7902
Facsimile: (816) 919-7901
nhowell@foxrothschild.com
mrudd@foxrothschild.com

**ATTORNEYS FOR DEFENDANTS**

4

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 9th day of March 2022, the foregoing **DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S "RESPONSE MOTION REQUEST TO MISJOINDER AND NOT DISMISS CASE" (Doc. 21) AND "DEMAND FOR JURY TRIAL" (Doc. 22)** was forwarded via U.S. Mail and electronic mail to the e-mail listed below as well as filed with the Clerk of the Court via the Court's electronic case filing/ECF system which will notify:

Clare U. Anagonye
1506 Nob Lane, Apt. 302
Pontiac, Michigan  48340
Telephone: (248) 277-6864
2019clare@gmail.com

**PRO SE PLAINTIFF**

/s/ *Michael J. Rudd*
**Attorney for Defendants**