UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARE U. ANAGONYE,

      Plaintiff,

vs.

      Case No.  21-11174
      HON.  GEORGE CARAM STEEH

TRANSFORM AUTOMOTIVE, LLC
and JILL YOUNG,

      Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANT YOUNG'S
MOTION TO DISMISS (ECF No. 17) AND GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO STRIKE (ECF No. 23)

This case is brought under Title VII of the Civil Rights Act of 1964. Plaintiff, Clare Anagonye, appearing *pro se*, alleges that she suffered sexual discrimination and wrongful termination by her employer. Defendants are plaintiff's employer, Transform Automotive, LLC, and Jill Young, the Human Resources Manager for Transform Automotive. The matter is before the Court on defendant Young's motion to dismiss (ECF No. 17) and defendants' joint motion to strike two of plaintiff's pleadings pursuant to Fed. R. Civ. P. 12(f) (ECF No. 23). For the reasons stated below, defendant Young's motion to dismiss is GRANTED and defendants' joint motion to strike is GRANTED IN PART AND DENIED IN PART.

- 1 -

## FACTUAL BACKGROUND

Plaintiff was an employee of Transform Automotive. In August 2019, plaintiff allegedly complained to her employer that she was being subjected to sexual harassment in the workplace. Plaintiff contends that her complaint was ignored, and the harassment continued. Then in October 2019, plaintiff contends that a several male employees falsely claimed that she was harassing them. On October 23 or 25, 2019, Transform Automotive terminated plaintiff. Plaintiff believes she was terminated based on the false claims that she sexually harassed male employees.

Plaintiff maintains that Transform Automotive placed the alleged misconduct on her State of Michigan labor records and has refused to remove the false information. As relief in this lawsuit plaintiff requests that Transform Automotive be ordered to remove the false information from her labor records. In addition, plaintiff seeks monetary damages for emotional distress, punitive damages, and the payment of her legal costs.

Defendant Young admits that in her role as Human Resources Manager, she was involved in Transform Automotive's decision to terminate plaintiff. Plaintiff filed a complaint with the EEOC and the EEOC issued a right to sue letter on February 8, 2021. Plaintiff filed her complaint in this Court on May 6, 2021.

STANDARD OF REVIEW

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "state a claim to relief that is plausible on its face".  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570).  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555) (other citations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051 (6th Cir. 2011) (*citing Twombly*, 550 U.S. at 555).

LAW AND ANALYSIS

I.      Defendant Young's Motion to Dismiss

Only employers may be held liable for violations of Title VII. 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer ... to discriminate ... because of ... race, color, religion, sex, or national origin."). An individual employee or supervisor, who does not otherwise qualify as an "employer," may not be held personally liable under Title VII. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Plaintiff has not made any allegations in this case that Young has any involvement beyond her role as Human Resources Manager for Transform Automotive. In fact, plaintiff agrees with Young's argument that she should be dismissed from the lawsuit because she is not an employer for purposes of liability under Title VII. ECF No. 21, PageID.70.

Because Young is an individual and is not plaintiff's employer, she is not liable under Title VII. Plaintiff has failed to assert a cause of action against Young upon which relief can be granted. The Court therefore GRANTS Young's motion to dismiss the claims brought against her pursuant to Rule 12(b)(6).

II.     Defendants' Motion to Strike

Defendants filed a joint motion to strike two of plaintiff's filings as containing "redundant, immaterial, impertinent, or scandalous matter" pursuant to Fed. R. Civ. P. 12(f). The documents sought to be stricken are plaintiff's response to defendant Young's motion to dismiss (ECF No. 21) and plaintiff's demand for jury trial (ECF No. 22).

With respect to plaintiff's response brief, which is titled "Response Motion Request to Misjoinder and not Dismiss Case," defendants point out that plaintiff agrees with the relief sought. Defendants argue that despite there being no real controversy, plaintiff's response contains "redundant, immaterial, impertinent and scandalous" allegations that are not related to the arguments made in the motion to dismiss.

Plaintiff is a representing herself in this litigation and as a *pro se* litigant she is held to less stringent standards when it comes to the formal requirements expected of lawyers. The fact that her response brief was improperly titled a motion, or that it contained superfluous information not responsive to the arguments made by defendant, does not warrant striking her pleading. Defendants' motion to strike this pleading is DENIED.

With respect to plaintiff's jury demand, defendants point out that plaintiff already demanded a jury trial by checking the appropriate box

when she filed her complaint. The fact that plaintiff needlessly filed a jury demand when a timely demand had already been made does not necessarily cause any harm. However, plaintiff's second jury demand reads like a motion, asking the Court to allow the case to proceed to a jury trial. Plaintiff properly exercised her right to demand a trial by jury when she filed her complaint, so the Court will strike her later filing to make sure the record is clear and to avoid any confusion down the road. Defendants' motion to strike plaintiff's second demand for jury trial is GRANTED.

## CONCLUSION

Now, therefore, for the reasons stated in this opinion and order,

IT IS HEREBY ORDERED that defendant Young's motion to dismiss (ECF No. 17) is GRANTED.

IT IS HEREBY FURTHER ORDERED that defendants' joint motion to strike plaintiff's response brief is DENIED but defendants' motion to strike plaintiff's second jury demand is GRANTED. The Clerk shall strike ECF No. 22 from the record.

It is so ordered.

Dated:  March 24, 2022

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

- 7 -

> CERTIFICATE OF SERVICE
>
> Copies of this Order were served upon attorneys of record on March 24, 2022, by electronic and/or ordinary mail and also on Clare U. Anagonye, 1506 Nob Lane, Apt. 302, Pontiac, MI 48340.
>
> s/Brianna Sauve
> Deputy Clerk