UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARE U. ANAGONYE,

                    Plaintiff,

v.

TRANSFORM AUTOMOTIVE, LLC,

                    Defendant.
_____/

Case No. 21-11174

George Caram Steeh
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 44)

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964 by *pro se* plaintiff, Clare Anagonye ("Anagonye"), against her former employer, defendant Transform Automotive, LLC ("Transform"). In short, Anagonye claims she was wrongfully terminated after a group of employees falsely reported to Transform that she sexually harassed them, when in fact she was the victim of sexual harassment and retaliation.

Before the Court is Anagonye's motion to compel, which she filed on August 23, 2022. (ECF No. 44). The motion was fully briefed (ECF Nos. 45, 49), and on October 17, 2022, the Court held an informal telephonic conference with Ms. Anagonye and Transform's counsel regarding the motion. Anagonye's motion is short – about four pages – and requests various categories of information, which the Court addresses below.

**Communications, Notes, and Other Documents Identified by Transform on Its Privilege Log**

Transform provided a short, but detailed privilege log to Anagonye, describing the specific documents and communications it has withheld on the basis of privilege. (ECF No. 44, PageID.319). The log satisfies Rule 26(b)(5)'s requirement that it "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." For example, the log indicates that Transform has withheld, on the ground of Attorney/Client, Work Product privileges, "Notes created by Jill Young pertaining to Plaintiff's shift assignments, which were created at the direction of in-house counsel in response to Plaintiff filing her EEOC Charge and sent to in house counsel for the purpose of obtaining legal advice." (*Id.*). Nevertheless, Anagonye seeks these (and the other withheld documents) on the basis that the information contained therein is relevant to her case, and that it would be "unethical" to permit Transform to withhold these documents because it would "protect the act of [the alleged sexual harassment . . .]." (ECF No. 44, PageID.313; ECF No. 49, PageID.385) ("plaintiff is simply asking for the relevant documents . . .").

Anagonye misapprehends the nature of the privileges at stake. While the information contained in the communications may very well be relevant to this case, that does not mean the asserted privileges do not apply.

The work product doctrine is governed by Federal Rule of Civil Procedure 26(b)(3), which provides qualified protection for documents prepared in anticipation of litigation by

a party or for the party's attorney or other representative. *See* Fed. R. Civ. P. 26(b)(3).  The

Court applies a burden-shifting analysis to determine the applicability of a party's assertion

of work product protection. *Stampley v. State Farm Fire & Casualty Co.*, 23 Fed. A'ppx.

467, 471 (6th Cir. Nov. 20, 2001).  Once the party seeking the discovery demonstrates the

documents at issue are relevant, the opposing party must show that the documents were

prepared in anticipation of litigation. *Id.*  At this point, the burden shifts to the moving

party to show that (1) it has a substantial need for the information, but (2) is unable to

obtain the substantial equivalent of the materials without undue hardship. *Id.*

   The purpose of the attorney-client privilege "is to encourage full and frank

communication between attorneys and their clients and thereby promote broader public

interests in the observance of law and administration of justice." *Upjohn v. United States*,

449 U.S. 383, 389 (1981).  A party resisting discovery based on the attorney-client

privilege has the burden of showing that the privilege applies.  The Sixth Circuit Court of

Appeals has established the following elements for evaluating attorney-client privilege: (1)

Where legal advice of any kind is sought (2) from a professional legal advisor in his

capacity as such, (3) the communications relating to that purpose, (4) made in confidence

(5) by the client (6) are at his instance permanently protected (7) from disclosure by himself

or by the legal advisor (8) except the protection be waived. *Humphreys, Hutcheson &*

*Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985).

   Here, as reflected on Transform's detailed privilege log, it has met its burdens under

both of the foregoing privileges.  It has shown that the documents do not reflect

contemporaneous factual information – which would be discoverable – but rather, later

documents created either in anticipation of litigation or in connection with legal advice from counsel.

Anagonye has failed to meet her burdens to establish entitlement to any of the disputed documents. She simply asserts that Transform is lying about the reason for her termination, and therefore she wants all available information so she can attempt to prove that point. But, if that were the standard, the privileges at issue would have no meaning, as in virtually all cases there is a dispute about what actually occurred with respect to the events underlying the litigation and reflected in the sought-after documents. Anagonye remains free to cross-examine relevant witnesses and ask them questions about her version of the salient events and documents that have been produced related to her termination – including "the notes from [Transform's] investigation of [Anagonye's] [alleged] workplace misconduct," *i.e.*, document Transform 166. (ECF No. 45, PageID.363). Additionally, because Transform's objections were timely and properly made, Transform has not waived of any of its asserted privileges or objections.

### "Position Statements"

Although not entirely clear, it appears Anagonye is seeking two types of documents that she refers to as "position statements": (1) Transform's statement of the events surrounding Anagonye's termination that it provided to the EEOC in response to her Charge of Discrimination; and (2) statements employees provided to Transform related to the allegations that Anagonye engaged in sexual harassment. As to the first category, there is nothing more for the Court to order Transform to produce, as it avers, it "**has already produced the entire EEOC file regarding [Anagonye's] Charge of Discrimination and the**

notes from its investigation of [her alleged] workplace misconduct, leaving no other nonprivileged documents to produce." (ECF No. 45, PageID.363).

However, Transform's response to the second category is somewhat unclear about what exists and has been produced, as it avers that Anagonye's request for these "position statements" "is not the type of discovery contemplated by the Federal Rules of Civil Procedure, it is duplicative of the depositions [Anagonye] has already indicated she intends to take, and would be overly burdensome to Transform's non-management employees who are not parties to this litigation." (*Id.*). The Court disagrees. Regardless of any document's title (*e.g.*, "position statement," "memo," "report," etc.) or lack of a title, such as a simple e-mail or handwritten note, Anagonye has a right to receive a copy of any non-privileged document in Transform's possession which reflects statements other employees provided to Transform regarding Anagonye's alleged sexual harassment. Solely by way of example, if an employee sent an e-mail to HR complaining about Anagonye engaging in sexual harassment, that e-mail is relevant, discoverable, and must be produced to Anagonye. The fact that Anagonye has indicated an intention to depose any such employee, or that Transform or its employees may need to spend time searching for such e-mails, are not legitimate reasons for Transform to refuse to produce the e-mail. Clearly, the proportionality standards in Rule 26 favor compelling a reasonable search for these documents and their production to Anagonye. Accordingly, these particular objections of Transform's are overruled, and any non-privileged responsive communications – *e.g.*, e-mails, notes, complaints, or other written statements employees provided to Transform (or which reflect employee statements to Transform) related to the allegations that Anagonye

engaged in sexual harassment must be produced to Anagonye **within 21 days of the date of this Order**.[1] If no such documents exist[2], Transform shall so advise Anagonye in writing.

**Interrogatory Requests**

Anagonye served 46 interrogatories on Transform, far more than the 25 allowed by Rule 33(a)(1). While Transform was within its rights to object to answering Requests 26-46, given her *pro se* status, the Court will require Transform to answer the following interrogatories that speak to the salient factual issues in this case and which are not unduly vague, burdensome or harassing **within 21 days of the date of this Order**:

> No. 32 – This interrogatory merely asks whether, in 2019, Transform posted its "Anti-harassment policy" "on doors or in [the] break room at the Shelby Twp plant location . . ." While the specific relevance of this interrogatory isn't entirely clear, it seeks at least potentially relevant information and is easy enough for Transform to answer.

> Nos. 42, 43 and 44 – The Court finds that these interrogatories are not unduly vague, that Anagonye is referring to the incident(s) in which she is accused of engaging in sexual harassment and the documents – regardless of their title or form ("any form") – that reflect how Transform investigated the allegations against her.

---

[1] In its objections to Anagonye's Interrogatory No. 2, which asked, "Is it true that no incident report was ever taken by any alleged witness [to her alleged sexual harassment] by Transform []?," Transform wrote that to its knowledge, "none of the witnesses to [Anagonye's] workplace misconduct created a formal incident report of what [she] did. Those witnesses did however speak to Human Resources Manager Jill Young and tell her what they had witnessed and experienced as part of Ms. Young's investigation . . ." (ECF No. 44, PageID.334-35). To be clear, given Ms. Anagonye's *pro se* status, whether any employee created "a formal incident report" would not permit Transform to withhold the types of communications addressed above by the Court. Again, to the extent there exists any non-privileged e-mails, notes, complaints, forms, etc., in which an employee reported to Transform that Anagonye engaged in sexual harassment, such documents must be produced.

[2] Of course, as Transform notes, it need not create any documents to properly respond to Anagonye's requests. (ECF No. 45, PageID.364).

No. 45 – The Court finds this interrogatory is not unduly vague, as Anagonye is asking Transform to identify and produce to her the evidence it was aware of when it "stated to [the] EEOC [] that it had [evidence] of sexual misconduct by [Anagonye] against other employees".

No. 46 –Anagonye has a right to know the names of the persons who complained about her engaging in workplace sexual harassment.  However, at least at this point, to the extent Anagonye wishes to depose any such persons, she must first attempt to do so through Transform's counsel.

**Initial Disclosures**

Anagonye makes a vague request for additional information related to Transform's initial disclosures.  However, those disclosures provide sufficient detail to satisfy Rule 26(a)(1)'s requirements (ECF No. 44, PageID.320-23), and to the extent Anagonye desires additional detail, she must serve a proper discovery request specifying the information she wants, or depose an appropriate witness so she may ask him or her questions about the initial disclosures.

**IT IS SO ORDERED.**

Dated: October 24, 2022                          s/David R. Grand
Ann Arbor, Michigan                              DAVID R. GRAND
                                                 United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 24, 2022.

                                                 s/Michel E. Lang
                                                 MICHAEL E. LANG
                                                 Case Manager