UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARE U. ANAGONYE,

          Plaintiff,

                            Case No.  21-11174
    vs.                       HON.  GEORGE CARAM STEEH

TRANSFORM AUTOMOTIVE, LLC,

          Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 81) AND OVERRULING OBJECTIONS (EFC No. 80)

This matter is before the Court on Plaintiff Clare Anagonye's motion not to dismiss, which the Court construes as a motion for reconsideration, asking that the Court consider her objections to the Magistrate Judge's Report and Recommendation (R&R). ECF Nos. 80, 81. The R&R, which addresses Defendant's motion for summary judgment, was filed and served on December 27, 2023. ECF No. 76. Objections to the R&R were due on January 10, 2024. LR 72.1(d)(3). Having received no objections, the Court reviewed and adopted the R&R, entering an Order granting Defendant's motion for summary judgment and Judgment on January 24, 2024. ECF Nos. 78, 79.

Plaintiff's objections to the R&R were received and docketed on January 29, 2024. ECF No. 80. Plaintiff mailed the objections to the Court using the United States Post Office as she is not an e-filer. The postmark indicates that the envelope was sent on January 22, 2024. ECF No. 80, PageID.759. Plaintiff objections were therefore untimely.

On February 21, 2024, Plaintiff filed her motion for reconsideration and a Notice of Appeal from the Order and Judgment dismissing her case. ECF Nos. 81, 82. In her motion, Plaintiff argues that her objections to the R&R were timely mailed on January 10, 2024, but were not delivered by the post office. She attaches a copy of a mailing label addressed to the Court which is dated January 10, 2024. ECF No. 81, PageID.766. Although the Court cannot verify the authenticity of the mailing label or know what was inside the envelope, because Plaintiff is pro se and her account of events is plausible, the Court GRANTS Plaintiff's motion for reconsideration and will now consider her objections.

When ruling on objections to an R&R, the court conducts a *de novo* review of the portions of the R&R to which a party has filed specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). On the other hand, general objections, or ones that merely restate

arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

Plaintiff alleges that she suffered discrimination and/or retaliation after complaining to her employer, Defendant Transform Automotive (Transform), that she had been subjected to bullying and sexual harassment by her co-workers. Plaintiff contends that rather than investigating her complaints, Transform only investigated complaints brought by others that she had sexually harassed them in the workplace. Plaintiff alleges that Transform discriminated against her in terminating her employment based on her sex, and in retaliation for having made her initial complaint. Plaintiff appears most concerned about the fact that an indication of sexual misconduct appears on her Department of Labor records.

After briefing on the dispositive motion was completed, the Magistrate Judge concluded that Plaintiff failed to make a prima facie case of either sexual discrimination or retaliation for engaging in a protected activity in violation of Title VII. The Magistrate Judge also found that Plaintiff failed to rebut Transform's articulated legitimate, non-discriminatory and non-retaliatory reason for terminating her employment. Finally, the Magistrate

Judge found that Plaintiff failed to raise a genuine issue of material fact that Transform's proffered reason was pretext. Based on his analysis, the Magistrate Judge recommended that Transform's motion for summary judgment be granted.

Plaintiff's objections merely restate the arguments she made in response to Defendant's motion for summary judgment. Plaintiff argues that on September 9, 2019 she wrote a note in which she stated that she experienced sexual harassment and bullying in the workplace. The note stated that "I will be sending a detailed letter of all the events to HR and request a full investigation with meeting into these matter[s]." She placed the note on the desk of the Plant's Human Resources Manager. The Human Resources Manager did not respond to Plaintiff, and Plaintiff did not follow up on her complaints. The Magistrate Judge thoroughly addressed Plaintiff's argument that she was terminated in retaliation for making complaints of sexual harassment, finding among other things that the decisionmakers did not have knowledge of the September complaint prior to making their decision. ECF No. 76, PageID.661-667.

On October 24, 2019, during the meeting where Plaintiff was told why she was being terminated, Plaintiff made a specific complaint that her co-worker Kevan Yousif directed inappropriate sexual comments to her. This

- 4 -

complaint was immediately investigated and the employees who were interviewed denied that Yousif made inappropriate comments to Plaintiff. Additionally, the October complaint is not protected activity giving rise to a retaliation claim because it was made after the decision to terminate Plaintiff.

While these are just a few of Plaintiff's objections, all of them were previously presented to and considered by the Magistrate Judge. The Court agrees with the Magistrate Judge's analysis, adopts his recommendation, and overrules Plaintiff's objections.

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (ECF No. 81) is GRANTED.

IT IS HEREBY FURTHER ORDERED that Plaintiff's objections (ECF No. 80) are OVERRULED.

Dated:  February 27, 2024

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 27, 2024, by electronic and/or ordinary mail and also on Clare U. Anagonye, 1506 Nob Lane, Apt. 302, Pontiac, MI 48340.

s/LaShawn Saulsberry
Deputy Clerk